```
1  JOHN S. GILMORE, SBN: 32491
   JENNY J. RIM, SBN: 231584
2  RANDOLPH CREGGER & CHALFANT
   1030 G Street
3  Sacramento, California 95814
   Telephone: (916) 443-4443
4  Facsimile: (916) 443-2124

5  Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ROBINSON, SPENCER ROBINSON, JR., RICKE ROBINSON, CYNTHIA ROBINSON, VICKIE ROBINSON, <br><br>  Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, as Trustee for the Indians of the Mooretown Rancheria, aka MAIDU INDIANS OF CALIFORNIA, DEPARTMENT OF THE INTERIOR [BUREAU OF INDIAN AFFAIRS] and DOES 1 - 50, inclusive, <br><br>  Defendants. | No.: CIV.S-04-0734 DFL KJM <br><br> ***AMENDED* STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS/FOR SUMMARY JUDGMENT** <br><br> Date:        June 22, 2005 <br> Trial Date:  June 12, 2006 <br> Time:        9:00 a.m. <br> Courtroom:   7 <br> Judge:       Hon. David F. Levi |

| FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. In the mid-1970's Plaintiffs' father Spencer Robinson, Sr. and Clint Miller purchased approximately 620 acres of which the subject Parcels are a part. | Dennis Robinson Declaration, ¶ 3. |
| 2. Spencer Robinson, Sr.'s goal was to ultimately develop the land which included the Parcels noted on Exhibit 1 to Plaintiffs' Complaint numbered 2, 3 and 4. | Dennis Robinson Declaration, ¶ 3; Plaintiffs' Complaint, Exhibit 1. |
| 3. In 1978, Plaintiffs built a 20 foot wide two-lane road known as Alverda Drive, shown on Exhibit 1 to Plaintiffs' Complaint between lower Wyandotte Road and Lorene | Dennis Robinson Declaration, ¶ 3; Plaintiffs' Complaint, Exhibit 1. |

*AMENDED* STATEMENT OF UNDISPUTED FACTS

| | | |
|---|---|---|
| 1 | Court. | |
| 2 | 4.   That work included grading, placement of base rock, cutting ditches, and | Dennis Robinson Declaration, ¶ 3. |
| 3 | chip sealing the surface. | |
| 4 | 5.   After that road was built, it was surveyed by licensed surveyors and deeds | Dennis Robinson Declaration, ¶ 3; Plaintiffs' Complaint, Exhibit 1. |
| 5 | were prepared showing the road as a non-exclusive right of way or easement for | |
| 6 | road/utilities as designated on the Parcel map attached to Exhibit 1. | |
| 7 | | |
| 8 | 6.   Later, Plaintiffs extended the road to the eastern border of Parcels 1 and 2. | Dennis Robinson Declaration, ¶ 3. |
| 9 | 7.   In the late 1980's, Mrs. Miller sold her interest to Tom and Manuela Poole, | Dennis Robinson Declaration, ¶ 3. |
| 10 | subject to the identified easement. | |
| 11 | 8.   In 1994, the Pooles sold Parcel 4 to the Indians of the Mooretown Rancheria also | Dennis Robinson Declaration, ¶ 3. |
| 12 | know as the Maidu Indians of California (Rancheria/Tribe). | |
| 13 | | |
| 14 | 9.   Funding for those purchases was providing in whole or in part by HUD. | Dennis Robinson Declaration, ¶ 3. |
| 15 | 10.   Within several years, the Pooles sold Parcel 3 and then Parcels 1 and 2 to the | Dennis Robinson Declaration, ¶ 3. |
| 16 | Rancheria/Tribe. | |
| 17 | 11.   Plaintiffs retained fee title to land east of Parcels 1, 2 and 4, access being via | Dennis Robinson Declaration, ¶ 3. |
| 18 | the easement. | |
| 19 | 12.   Plaintiff Dennis Robinson built his residence on that property in 1979; Plaintiff | Dennis Robinson Declaration, ¶ 3. |
| 20 | Ricke Robinson built his residence thereon in about 1986. | |
| 21 | | |
| 22 | 13.   The subject right of way/easement has been used by Plaintiffs daily since those | Dennis Robinson Declaration, ¶ 3. |
| 23 | residences were established.   Plaintiff Spencer Robinson uses the easement to reach | |
| 24 | the property two to three times or more per week. | |
| 25 | 14.   Plaintiffs and their father also used the land to run cattle. | Dennis Robinson Declaration, ¶ 3. |
| 26 | | |
| 27 | 15.   The United States holds Parcel 4 in trust with the Rancheria/Tribe. | Dennis Robinson Declaration, ¶ 3; Request for Judicial Notice, Exhibit 7. |
| 28 | 16.   The Rancheria/Tribe has deeded its | Dennis Robinson Declaration, ¶ 3; Request for |

| | | |
|---|---|---|
| 1 | entire interest in the right of way/easement also known as Alverda Drive over Parcels 2, 3, and 4 in trust to the United States as referenced in the Parcel Map 119-28, 29, and 30. | Judicial Notice, Exhibits 6, 10, 12. |
| 4 | 17.    In the late 1990's, a permanent casino was constructed by the Rancheria/Tribe on Parcel 4. | Dennis Robinson Declaration, ¶ 4. |
| 6 | 18.    In order to construct the casino building, the Rancheria/Tribe graded the land on Parcel 4 and within the easement to create a level parcel, thereby creating a cut within the boundary of the easement. | Dennis Robinson Declaration, ¶ 4. |
| 9 | 19.    That excavation was more than 9 feet below the adjacent curb level at point where the joint property line between the adjoining properties of Robinson, Rancheria/Tribe and the United States intersect the curb. | Dennis Robinson Declaration, ¶ 4. |
| 12 | 20.    As a result of that excavation, a slope was created which extends 20 feet into the right of way/easement over an approximate 100 foot length. That slope encroaches about 2,000 square feet of the easement. | Dennis Robinson Declaration, ¶ 4. |
| 15 | 21.    If the slope remains, that portion of the right of way/easement cannot be used for road purposes. | Dennis Robinson Declaration, ¶ 4. |
| 17 | 22.    Several years ago the Rancheria/Tribe had plans to restore the easement slope area to its original condition. That, however, did not occur. | Dennis Robinson Declaration, ¶ 4; Gilmore Declaration, ¶ 1. |
| 20 | 23.    Within the last few years, the Rancheria/Tribe constructed a parking lot adjacent to the south edge of the subject easement on Parcel 2. In doing so, it created an encroachment into the easement by a curb (commonly known as a "bullnose") and adjacent concrete walkway. Also, there is a curb east of the bullnose within the easement. The curb and walkway encroach into the easement by approximately 15 feet. | Dennis Robinson Declaration, ¶ 4. |
| 25 | 24.    Within the last few years, the Rancheria/Tribe at Plaintiffs' request made through the United States, removed a fountain that encroached within the center/northwest side of the easement. | Dennis Robinson Declaration, ¶ 4; Gilmore Declaration, ¶ 1. |
| 28 | 25.    The United States had some | Gilmore Declaration, ¶¶ 1, 2. |

| | |
|---|---|
| involvement in removal of that fountain, the nature and extent of which is unknown. | |
| 26.    Within the last few years, the Rancheria/Tribe installed wrought iron fencing embedded in concrete adjacent to its parking lots to the south (Parcel 2) and north/northeast (Parcel 4) of the easement, encroaching into the easement by approximately 15 feet on each side. | Dennis Robinson Declaration, ¶ 4. |
| 27.    The United States is aware of the encroachment into the easement of which it is trustee. | Gilmore Declaration, ¶ 2. |
| 28.    The Rancheria/Tribe improved the road Plaintiffs built on Alverda Drive in part. That road shows failures on the north and south sides known as "alligatoring" that should be removed and, at least, patched. That is part of the right of way/easement held by the United States in trust. | Dennis Robinson Declaration, ¶ 4; Request for Judicial Notice, Exhibits 6, 10, 12. |
| 29.    On occasion when Plaintiffs' families have used Alverda Drive, particularly during those times when events are being held at the casino, traversing that road is with difficulty. Parking is allowed at the curbs of the reduced in size easement, and, on one occasion in recent months, a portion of Plaintiff's family was blocked for approximately 45 minutes from traversing the road because of traffic/parking issues. | Dennis Robinson Declaration, ¶ 4. |
| 30.    Plaintiffs own, in fee, approximately 360 acres generally east of the land owned by the Rancheria/Tribe and the United States in trust. | Dennis Robinson Declaration, ¶ 5. |
| 31.    In furtherance of the original intent to develop the property, development is in the stage where Plaintiffs are in the process of obtaining evaluations and offers for purchase. | Dennis Robinson Declaration, ¶ 5. |
| 32.    Present and future use for purposes of a subdivision, which Plaintiffs intend on their identified property, will require, according to the County of Butte (to which the subject road is to be dedicated as per Exhibit 1 and attached Parcel Map to the Complaint), appropriate turning lanes, curbs, gutters and sidewalks within the 60 foot right of way/easement adjacent to the casino and parking lots. | Dennis Robinson Declaration, ¶ 5. |

| | |
|---|---|
| 33. The County of Butte will require Alverda Drive to be a full 60 foot easement for those purposes. | Dennis Robinson Declaration, ¶ 4 |

## STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF MOTION TO DISMISS

| FACT | SUPPORTING EVIDENCE |
|---|---|
| 34. Plaintiffs own a 60 foot, non-exclusive dominant road and public utility easement on rural property located in Butte County, California, with Defendant United States in trust for the Indians of the Mooretown Rancheria (Rancheria/Tribe). | Jenny Rim Declaration ¶ 2. |
| 35. The easement benefits dominant tenements owned by Plaintiffs. | Jenny Rim Declaration ¶ 2. |
| 36. United States holds the servient tenement and co-ownership of the identified non-exclusive easement in trust. | Jenny Rim Declaration ¶ 2. |
| 37. Plaintiffs acquired and recorded in the official records of Butte County, California, their above described interest in the easement before either the United States or Rancheria/Tribe acquired their interest. | Jenny Rim Declaration ¶ 2; Request for Judicial Notice, Exhibits 1-4. |
| 38. Plaintiffs have a non-exclusive right of possession of the easement in its entirety. | Request for Judicial Notice, Exhibits 1-4, 14-15 |
| 39. Plaintiffs own 360 acres of land situated east of the subject easement. | Dennis Robinson Declaration, ¶ 5 |
| 40. More than six months before this action was commenced, Plaintiffs presented their federal tort claim to the United States; the United States made no final disposition of the claim within the time allowed which amounts to a denial thereof. | Plaintiffs' Complaint, ¶ 12; Gilmore Declaration, ¶¶ 2, 3. |
| 41. Continuously during the last several years United States knowingly and intentionally permitted, allowed, sponsored, supported, advised, approved, and conspired with Rancheria/Tribe to engage in certain acts of construction/destruction on and of the easement to Plaintiffs' detriment and over Plaintiffs' objection to the United States and Rancheria/Tribe. | Plaintiffs' Complaint, ¶ 13; Dennis Robinson Declaration, ¶¶ 3-5; Gilmore Declaration, ¶¶ 1-3. |
| 42. On June 18, 2002 Rancheria/Tribe with United States' knowledge and consent agreed to resolve a slope problem within the | Plaintiffs' Complaint, ¶ 14; Gilmore Declaration, ¶ 2. |

| | | |
|---|---|---|
| 1 | easement by December 31, 2003. | |
| 2 | | |
| 3 | 43.   If the slope problem is not resolved, then damage to Plaintiffs' land lying east of the property owned by the United States in trust and Rancheria/Tribe will necessary affect what limitations are placed on use and development of Plaintiffs' property by any Butte County local agency such as its planning department and local agency formation commission. | Plaintiffs' Complaint, ¶ 15; Dennis Robinson Declaration, ¶ 5. |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | 44.   The acts of construction/destruction on and of the easement to Plaintiffs' detriment and over their objections are repairable and continuing. | Dennis Robinson Declaration, ¶ 5;  Gilmore Declaration, ¶¶ 1 - 3. |
| 9 | | |
| 10 | 45.   The identified construction/destruction causing a slope within and on the northeast side of the easement is approximately 20 feet by 100 feet. | Plaintiffs' Complaint, ¶ 17; Dennis Robinson Declaration, ¶ 4. |
| 11 | | |
| 12 | | |
| 13 | 46.   The United States as trustee and Rancheria/Tribe have failed and refused to rectify the slope issue. | Plaintiffs' Complaint, ¶ 18; Dennis Robinson Declaration, ¶¶ 4, 5; Gilmore Declaration, ¶¶ 2, 3. |
| 14 | | |
| 15 | 47.   Within the last few year, Rancheria/Tribe constructing a parking lot adjacent to the south edge of the subject easement; in doing so it created and encroachment into the easement held in trust by the United States by a curb (commonly known as a "bullnose" and adjacent concrete walkway; that curb and walkway encroach into the easement by approximately 15 feet. | Plaintiffs' Complaint, ¶ 20; Dennis Robinson Declaration, ¶ 4. |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | 48.   The United States as trustee and Rancheria/Tribe have failed and refused to remove the bullnose and offending curb and concrete walkway. | Plaintiffs' Complaint, ¶ 21; Dennis Robinson Declaration, ¶¶ 4, 5; Gilmore Declaration, ¶¶ 2, 3. |
| 21 | | |
| 22 | 49.   Within the last few years, Rancheria/Tribe removed an offending fountain within the center/northwest side of the easement; it then installed water valves and a power facility within the easement in the same area. | Plaintiffs' Complaint, ¶ 22; Dennis Robinson Declaration, ¶ 4; Gilmore Declaration, ¶¶ 1, 2. |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | 50.   The United States as trustee and Rancheria/Tribe have failed and refused to remove the water valves and power facility. | Plaintiffs' Complaint, ¶ 23; Dennis Robinson Declaration, ¶¶ 4, 5. |
| 27 | | |
| 28 | 51.   Within the last few years, Rancheria/Tribe installed wrought iron | Plaintiffs' Complaint, ¶ 24; Dennis Robinson Declaration, ¶ 4; Gilmore Declaration, ¶ 1. |

| | |
|---|---|
| fencing embedded in concrete adjacent to its parking lots to the south and north/northeast of the easement, encroaching into the easement by approximately 15 feet on each side. | |
| 52.   The United States as trustee and Rancheria/Tribe have failed and refused to remove the wrought iron fencing and its impertinent concrete support from the easement. | Plaintiffs' Complaint, ¶ 25; Dennis Robinson Declaration, ¶¶ 4, 5; Gilmore Declaration, ¶¶ 2, 3. |
| 53.   Rancheria/Tribe installed a fire hydrant within the easement. | Dennis Robinson Declaration, ¶ 4. |
| 54.   The United States as trustee and Rancheria/Tribe have failed and refused to relocate the fire hydrant off the easement. | Plaintiffs' Complaint, ¶ 27; Dennis Robinson Declaration, ¶ 4. |
| 55.   The underlying fee was originally owned by Plaintiffs with another and the easement was specifically was reserved for use and development of 360 acres of real property owned by Plaintiffs located east of the Rancheria/Tribe and property held by the United States in trust, the easement being the Plaintiffs primary road access thereto. | Plaintiffs' Complaint, ¶ 28; Dennis Robinson Declaration, ¶¶ 3, 4. |
| 56.   Present and future use of the easement requires four driving lanes, appropriate turning lanes, curbs and gutters and sidewalks within the 60 foot easement which is adjacent to the Feather Falls Casino owned and operated by Rancheria/Tribe on property held by the United States in trust, including parking lots and access roads because of the rapidly increasing use by Rancheria/Tribe of its land and of that held in trust by the United States; and the future use and development of by Plaintiffs of the 360 acres located to the east depends upon the same. | Plaintiffs' Complaint, ¶ 29; Dennis Robinson Declaration, ¶¶ 4, 5; Gilmore Declaration, ¶¶ 1, 2. |
| 57.   Plaintiffs have suffered property damage because of failure of appropriate lateral support on Parcel 4 relating to excavation by the Rancheria/Tribe on property held in trust by the United States that impacts Plaintiffs' to expected and intended use of the easement that was created by Plaintiffs. | Plaintiffs' Complaint, First Count, ¶¶ 30-37 Dennis Robinson Declaration, ¶¶ 4, 5; Gilmore Declaration, ¶¶ 1, 2. |
| 58.   Plaintiffs have suffered deprivation of sub-adjacent support with threat of future damage which make it impossible for them to | Plaintiffs' Complaint, Second Count, ¶¶ 38-43; Dennis Robinson Declaration, ¶¶ 4,5; Gilmore Declaration, ¶¶ 1, 2. |

| | |
|---|---|
| 1   develop their land as originally intended when the easement was created by them as a 2   result of the acts of Rancheria/Tribe and the United States as trustee. | |
| 59.   The United States as trustee and Rancheria/Tribe are responsible to Plaintiffs in strict liability for property damage caused by subsistence within the easement. | Plaintiffs' Complaint, Third Count, ¶¶ 44-47; Gilmore Declaration, ¶¶ 2, 3. |
| 60.   The United States as trustee and Rancheria/Tribe are responsible for property damage due to negligence because they knew or should have known that as a natural consequence of the described excavation to the property line and beyond within the easement the easement would be left without support and subside within the easement and onto Rancheria property leaving a slope. | Plaintiffs' Complaint, Third Count, ¶¶ 48-52; Dennis Robinson Declaration, ¶¶ 2-5; Gilmore Declaration, ¶¶ 2, 3. |
| 61.   The United States as trustee and Rancheria/Tribe knew Rancheria construction caused a slope on the north side of the easement, approximately 200 feet by 100 feet; failed to resolve the issue as promised by the end of the year 2002; constructed a parking lot adjacent to the south edge of the easement, including a curb (commonly known as a bullnose) and adjacent concrete walkway both encroaching into the easement by approximately 15 feet, constructed or installed water valves/power facility within the easement on the center/northwest side, installed wrought iron fencing embedded in concrete adjacent to parking lots to the south and northeast of the easement which are 15 feet within the easement, thereby reducing its width by 30 feet or one half, and installed a fire hydrant within the easement, all of which created a continuing nuisance with property damage to the easement. | Plaintiffs' Complaint, Fifth Count, ¶¶ 53-62; Gilmore Declaration, ¶¶ 2, 3. |
| 62.   Though notice to abate the offending structures and other encroachments have been ignored by the United States and Rancheria/Tribe, the proximate result of which has damaged the easement and diminished the value of Plaintiffs property located to the east described above. | Plaintiffs' Complaint, Fifth Count, ¶¶ 53-62; Dennis Robinson Declaration, ¶¶ 4, 5; Gilmore Declaration, ¶¶ 1-3. |
| 63.   The United States as trustee and Rancheria/Tribe have threatened to and will maintain the nuisance as described against the will and in violation of Plaintiffs' rights. | Plaintiffs' Complaint, Sixth Count, ¶¶ 63-68; Dennis Robinson Declaration, ¶¶ 4, 5; Gilmore Declaration, ¶¶ 2, 3. |

*AMENDED* STATEMENT OF UNDISPUTED FACTS    -8-

| Facts | Supporting Evidence |
|---|---|
| 64. The United States as trustee and Rancheria/Tribe in their use and maintenance of the subject property including the identified encroachments are engaging in a continuing nuisance within the meaning of California Civil Code § 3479. | Plaintiffs' Complaint, Seventh Count, ¶¶ 69-74; Dennis Robinson Declaration, ¶ 5; Gilmore Declaration, ¶¶ 2, 3; Plaintiffs' Complaint, Eighth, ¶¶ 75-80. |
| 65. Continuously during the last several years the United States as trustee permitted, allowed, sponsored, supported, advised, approved and conspired with the Rancheria/Tribe to engage in certain construction/destruction as described above, on and of the easement to Plaintiffs' detriment and over Plaintiffs' objections to the United States and the Rancheria/Tribe. | Plaintiffs' Complaint, ¶ 13; Dennis Robinson Declaration, ¶¶ 4, 5; Gilmore Declaration, ¶¶ 2, 3. |

## UNDISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| FACTS | SUPPORTING EVIDENCE |
|---|---|
| 66. Since 1979, the 60' easement has been subject to a restrictive covenant that requires Defendants to maintain and reasonably repair the road and utilities easement over Parcels 2, 3, 4. | Request for Judicial Notice, Exhibits 1-2, 6-7, 10-13. |
| 67. Discovery in this case was extremely restricted due to Order by Magistrate Judge Kimberly Mueller to stay discovery which limited the scope of discovery to the basis for Declarant Kanu Patel's allegations. | Jenny Rim Declaration ¶¶ 3-5. |
| 68. On September 26, 1979, Mr. and Mrs. Clinton and Lorene Miller entered into a "Road Maintenance Agreement" with adjoining landowners Mr. and Mrs. Spencer (Sr.) | Request for Judicial Notice, Exhibit 2. |
| 69. The duties under the Agreement called for maintenance and reasonable repair of the 60' road and utilities easement over Parcels 2, 3, 4. | Request for Judicial Notice, Exhibits 1-2. |
| 70. The Agreement was duly recorded in book 2500, pages 262-264 at the Office of the butte County Clerk-Recorded in Butte County, California, where the lands and easement subject to the Agreement are located. | Request for Judicial Notice, Exhibit 2. |
| 71. The Millers subsequently sold their property to Mr. and Mrs. Thomas and | Dennis Robinson Declaration, ¶¶ 2, 3; Request for Judicial Notice, Exhibits 1-2. |

Manuela G. Poole who recorded the deed of trust and Parcel Map 119-28, 29, and 30 ("Parcel Map"). The Parcel Map expressly incorporated the Agreement by reference to "Road Maintenance Agreement For Alverda Drive Is Contained Within 2500 O.R. 262."

72. The Robinson land remained within the family as an undivided interest between Plaintiffs in this case to present.

Request for Judicial Notice, Exhibits 1-2, 4, 14, 15.

73. On December 5, 1991, the Pooles sold a part of their interest to Mooretown Rancheria, specifically, "Parcel 4 as shown on that certain Parcel Map filed in the Office of the Recorder of the County of Butte, State of California, on April 30, 1990 in Book 119 of Maps, at pages 28, 29, and 30" and "A 60.00 foot right of way for road and public utility purposes over Alverda Drive and Lorene Court over Parcels Two and Three as shown on that certain Parcel Map . . . ." On February 8, 1993, Mooretown Rancheria conveyed said interest in its entirety to Defendants in trust with reference to the same Parcel Map.

Request for Judicial Notice, Exhibit 5.

74. On November 20, 1995, Mr. Poole sold Parcel 3 and "A 60.00 foot right of way for road and utility purposes . . . over Parcels Three and Four" to Mooretown Rancheria. Again, Mooretown Rancheria conveyed its interest to Defendants in trust, but having already conveyed the right of way over Parcel Three, Mooretown Rancheria merely conveyed the remaining 60.00 foot right of way over Parcel Four.

Request for Judicial Notice, Exhibit 8.

75. Defendants took Parcels 2, 3, and 4 subject to the 60' easement and the duties prescribed by the Road Maintenance Agreement.

Request for Judicial Notice, Exhibits 7, 11, 13.

76. Since the conveyances from Mooretown Rancheria to Defendants in trust, the easement has fallen into disrepair. Signs of "alligatoring" or failures in the road are evident and require patching or replacement.

Dennis Robinson Declaration, ¶¶ 2, 4, 5.

77. Undisputed Facts Nos. 1 - 65 are incorporated by reference as if set forth in full.

| | |
|---|---|
| 1    DATED: June 14, 2005 | RANDOLPH CREGGER & CHALFANT |

By:    /S/JOHN S. GILMORE
         JOHN S. GILMORE
         Attorneys for Plaintiffs