1  BENJAMIN B. WAGNER
   United States Attorney
2  J. EARLENE GORDON
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone:  (916) 554-2991

5  Attorneys for Defendant
   United States of America
6

7

8
                    **IN THE UNITED STATES DISTRICT COURT FOR THE**
9
                         **EASTERN DISTRICT OF CALIFORNIA**
10

11

| | |
|---|---|
| DENNIS ROBINSON, SPENCER ROBINSON, JR., RICKE ROBINSON, CYNTHIA ROBINSON, VICKIE ROBINSON, | 2:04-CV-00734-RRB-KJM |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO DISMISS** |
| v. | |
| UNITED STATES OF AMERICA, individually and as Trustee for the Indians of the Mooretown Rancheria, aka MAIDU INDIANS OF CALIFORNIA, | Date:  TBA<br>Time:  TBA<br>Judge: The Honorable Ralph R. Beistline |
| Defendants. | |

        The United States of America, individually and as Trustee for the Indians of the Mooretown

Rancheria, a/k/a Maidu Indians of California, offers the following points and authorities in support of

its  Motion to Dismiss the Plaintiffs' First Amended Complaint ("FAC") filed contemporaneously

herewith.

                            **I.   INTRODUCTION**

        Plaintiffs Dennis, Spencer, Ricke, Cynthia and Vickie Robinson (hereafter "the Robinsons") have

brought this suit against the United States of America seeking relief under the Federal Tort Claims Act

("FTCA") for a variety of state statutory and common law causes of action related to an easement.

USA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT                                Page 1

1 According to the original Complaint, filed on April 13, 2004, the Robinsons have a 60-foot road and

2 public utility easement over land owned by the Indians of the Mooretown Rancheria, a/k/a the Maidu

3 Indians of California (hereafter "Tribe"). The specific part of the easement concerned in the lawsuit is

4 a stretch of Alverda Road, which is the access road to the entrance of the Rancheria's casino. The FAC,

5 filed nearly seven years later on February 25, 2011, describes the United States of America as "legal

6 owner" of the Tribe's real property, and alternatively as "a legal owner in trust." [FAC., ¶ 4] With regard

7 to the easement itself, the FAC describes the United States as "co-owner" with the Tribe and the

8 Robinsons. [FAC, ¶ 4] According to the FAC, "at an unknown time" the United States included Alverda

9 Drive in the Bureau of Indian Affairs' ("BIA") Road System. [FAC, ¶ 18]

10 The Robinsons allege that, at unidentified times but prior to the filing of the original Complaint,

11 the Tribe has built structures which encroach on the easement, and has caused a deterioration of the road

12 which it has failed to repair or maintain. It is the Robinsons' position that, as the BIA has placed part

13 of Alverda Road in its road system, the United States is responsible for the actions of the Tribe, and is

14 liable to Plaintiffs for damages under the FTCA. Specifically, the Robinsons seek an award of various

15 types of monetary damages, including attorney's fees, and permission "to remove all encroachments into

16 the subject easement following standard engineering practices." [FAC, Prayer, p. 21]

17 The United States has been sued both "individually" and as "trustee" of the Tribe. [See e.g. FAC

18 ¶¶ 19-22] This Court is without jurisdiction to hear the Robinsons' claims, and much of the relief

19 Plaintiffs seek is not available under the Federal Tort Claims Act.

## II.    PROCEDURAL HISTORY

21 This Court granted the Defendants first "Motion to Dismiss, or for Summary Judgment," on the

22 basis of the Indian Lands exception to the Quiet Title Act. [Doc 52] The Robinsons appealed that

23 decision and in November 2009,[1] the Ninth Circuit Court of Appeals vacated the District Court's Order

24 dismissing the case, and remanded for the determination of whether subject matter jurisdiction exists

25 under the Federal Tort Claims Act (hereafter "FTCA"), 28 U.S.C. §1346(b)(1).  [Doc. 62]  This Court

26 thereafter entered its Order giving the parties until May 2, 2010, within which to file their dispositive

27

28        [1] *Robinson v. United States*, 586 F.3d 683 (9th Cir. 2009).

1    motions. [Doc. 69]  The Federal Defendants filed a motion to dismiss the Complaint, which was granted

2    in part, and denied in part. [Doc. 84]  In its Order, the Court gave Plaintiffs leave to file an amended

3    complaint as to Counts One, Two, Three, and Four only; the remaining counts of the Complaint were

4    dismissed without leave to amend. [Order, Doc. 84, p. 22]   In granting leave to amend these counts, the

5    Court stated as follows:

6            ...In filing an amended complaint Plaintiffs must (1) seek solely relief that is cognizable under
             the Federal Tort Claims Act; (2) plead with specificity the statutory or regulatory provision
7            creating the duty owed to Plaintiffs by the United States that was violated intentionally or
             negligently by an employee of the United States; (3) identify the acts or actions of an employee
8            of the United States, acting in his or her official capacity, that violated that duty; and (4) set forth
             the dates on which those acts or actions occurred, or that harm resulted to Plaintiffs as a result
9    of      those acts or actions.

10   [Doc. 84, p. 22]

11           The FAC was filed on February 25, 2011. [Doc. 85] This motion follows.

12                          **III.     STATEMENT OF FACTS**

13           Defendant United States of America utilizes the facts stated in the FAC solely for purposes of

14   this Motion to Dismiss, and specifically reserves the right to deny and contest these facts at any other

15   time during the proceedings.

16           **A.     THE SUBJECT EASEMENT**

17           The Robinsons have a non-exclusive, 60-foot easement over property that is owned outright by

18   the Tribe, as well as over property which is owned by the Tribe, but is held in trust for the Tribe by the

19   United States. [Complaint ¶ 1; Patel Decl. ¶¶ 2, 5, attached hereto as Exhibit 1 and by this reference

20   incorporated herein]   This easement is located on Alverda Road, in Butte County, California. [Exhibit

21   1, ¶ 2]  The easement lies on several servient tenements.  One of these servient tenements, Parcel 2, is

22   property held in trust for the Tribe by the United States, except for approximately five acres of that parcel

23   – including the parking lot site– to which the Tribe has retained outright ownership. [Exhibit 1, ¶ 5]  That

24   five-acre portion of Parcel 2 includes the area containing the bullnose, curb and walkway described in

25   the FAC . [Exhibit 1, ¶5]  The remaining, dominant tenement, consisting of more than 300 acres, is

26   owned by the Robinsons. [Complaint ¶ 2, 14]

27

28

1  The Robinsons do not claim that the United States or its employees actually constructed any of

2  the alleged encroachments on their easement, or physically damaged the easement. [FAC]  Rather, they

3  allege that the United States allowed the Tribe to do so, and failed to remove the Tribe's improvements

4  to its property so as to protect the easement.

5  **B.      THE COMPLAINED OF ENCROACHMENTS AND DAMAGE**

6  The FAC alleges that "during the two years prior to filing the Federal Tort Claim ..." there were

7  "certain acts of construction/destruction on and of the subject easement..." [FAC, ¶ 16]  The FAC further

8  states that these acts "occurred at various times before the filing of the Federal Tort Claim ..., but

9  ROBINSON's damages ... did not arise until a time that is within the two-year period that preceded the

10  filing of the Federal Tort Claim." [Id.]  Although Plaintiffs allege that they did in fact file a Federal Tort

11  Claim, they do not supply the date of filing such claim.  Nor is a copy of the claim appended to the FAC[2].

12  The FAC complains of the following activity by the Tribe which Plaintiffs' allege have caused

13  them injury: (1) a slump/slope problem on the northeast side of the subject easement [FAC ¶ 25]; (2)

14  construction of a parking lot curb (known as a "bullnose") and walkway adjacent to the southwest edge

15  of the subject easement and which encroach into the easement [FAC ¶ 30]; (3) installation of water

16  valves and a power facility within the easement [FAC ¶ 32]; (4) installation of wrought iron fencing

17  imbedded in concrete adjacent to its parking lots on the south and north/northeast sides of the easement,

18  and which encroach into the easement [FAC ¶ 34]; and (5) installation of a fire hydrant within the

19  easement {FAC ¶ 36].[3]

20  Plaintiffs do not state when these activities occurred.

21  **C.      CAUSES OF ACTION FOR WHICH RELIEF IS SOUGHT**

22

23

24  [2] Prior briefing in the case does not establish the date the claim was filed, but does indicate that the administrative tort claim was signed by Dennis Robinson on June 23, 2003.

25  Presumably it was received by the BIA at some point thereafter. [See Exhibit 2 attached to Federal Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss, Doc.70, and Exhibit 2 attached hereto]

26

27  [3] At paragraph 43 of the FAC Plaintiffs list a number of additional and more recent complaints concerning the easement, but they do not form the basis for any claim in this lawsuit,

28  although Plaintiffs state they will be the subject of "a complaint to be filed forthwith."

1    The FAC sets out seven counts in which relief is sought.  In the First Count, Plaintiffs seek

2  damages pursuant to California Civil Code §834 for "lateral support and subsidence - property damage -

3  negligence."[4]  The Second, Third and Fourth Counts all apparently seek damages under a common law

4  theory of negligence for the same damage as alleged in the First Count.  The Fifth Count of the FAC is

5  brought under California Civil Code §§801, *et seq.*, seeking damages for "negligence, property damage."

6  Finally, the Sixth and Seventh Counts are based on California Civil Code §§3479 and 801 *et seq.*, for

7  "continuing nuisance" and "continuing nuisance - encroachment," respectively.  These counts appear to

8  be a restatement of the Fifth and Sixth Counts in the original Complaint, which were dismissed by this

9  Court *without* leave to amend. [Complaint, Doc. 1; Order, Doc. 84, p. 22]

10    **D.    RELIEF SOUGHT**

11    In their Prayer, the Robinsons seek "statutory damages, general damages, special damages," an

12  award for "diminution of property," "attorneys' fees, litigation expenses and costs," and an Order of this

13  Court allowing Plaintiffs "to remove all encroachments into the subject easement following standard

14  engineering practices." [FAC, Prayer]

15    As discussed below, Plaintiffs are not entitled to any relief herein.

16    **IV.    LEGAL ARGUMENT**

17    This Court does not have jurisdiction to hear the claims the Robinsons asserted in their FAC, and

18  the United States is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(1).  The FAC

19  should also be dismissed because the Tribe is a necessary and indispensable party which cannot be joined

20  in the action.  F.R.Civ.P. 19.

21    **A.    STANDARD OF REVIEW**

22    Federal Rule of Civil Procedure 12(b)(1) governs the dismissal of claims for lack of subject

23  matter jurisdiction. Jurisdiction is a threshold issue that must be addressed before considering the merits.

24  *Steele Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998).

25

26

27
    [4] This Count was formerly brought under California Civil Code §832. [Complaint, Doc.

28  1, p. 5]

1   "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by

2   Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause

3   lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

4   asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673,

5   128 L.Ed.2d 391 (1994)(citations omitted); *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir.

6   2006).

7   "[N]o presumptive truthfulness attaches to plaintiff's allegations."  *Robinson v. United States*,

8   586 F.3d 683 (9th Cir. 2009), quoting *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189,

9   1195 (9th Cir. 2008)(internal quotation marks omitted). This Court may hear evidence with regard to

10   jurisdiction, and resolve any necessary factual issues.  *Robinson,* 586 F.3d at 685, quoting *Augustine v.*

11   *United States*, 704 F.2d 1074, 1077 (9th Cir. 2008).

12   "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its

13   existence." *Robinson,* 586 F.3d at 685, quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th

14   Cir. 2007). When jurisdiction is predicated on the FTCA, this burden includes showing a "negligent or

15   wrongful act or omission of any *employee* of the Government while acting within the scope of his office

16   or employment."  28 U.S.C. §1346(b)(1); *United States v. Becker*, 378 F.2d 319, 321 (9th Cir. 1967)

17   (emphasis added).

18   Where a court concludes that it lacks jurisdiction, it must dismiss the action without reaching the

19   merits of the complaint.  *See High Country Res. v. FERC*, 255 F.3d 741, 747 (9th Cir. 2001).  The Court

20   lacks jurisdiction in this case.

21

22   **B.     THERE IS NO SUBJECT MATTER JURISDICTION BECAUSE THE UNITED
        STATES HAS NOT WAIVED SOVEREIGN IMMUNITY**

23   Plaintiffs cannot establish subject matter jurisdiction, because the United States of America has

24   sovereign immunity from suit under the asserted causes of action in the FAC, and the FTCA does not

25   constitute a waiver of that immunity.

26   **1.     Principles of Sovereign Immunity**

27

28

USA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT                         Page 6

1    "Sovereign immunity is an important limitation on the subject matter jurisdiction of federal

2    courts.  The United States, as sovereign, can only be sued to the extent it has waived its sovereign

3    immunity." *Vacek,* 447 F.3d at 1250, citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260

4    (1999).  *See also, Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087 n.2 (9th Cir. 2007).  The

5    Supreme Court "has frequently held" that a waiver of sovereign immunity is to be strictly construed in

6    favor of the sovereign.  *Blue Fox,* 525 U.S. at 261.  Absent a statutory waiver of sovereign immunity,

7    an action against the United States must be dismissed.  *Elias v. Connect*, 908 F.2d 521, 527 (9th Cir.

8    1990).  Waivers of sovereign immunity cannot be implied, but must be unequivocally expressed.  *United*

9    *States v. Mitchell*, 445 U.S. 535, 538 (1980).  "The party who sues the United States bears the burden

10   of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th

11   Cir. 1983).

12       In its Order on the Federal Defendants' Motion to Dismiss, this Court held that '[j]urisdiction is

13   conferred in this case only if the United States, as the trustee holding Indian lands, has waived its

14   sovereign immunity to be sued by a third party under the FTCA for its acts committed by the beneficiary

15   Tribe." [Doc. 84, p.8]  No allegation of the FAC establishes such a waiver.

16       **2.     Trust Relationship Between the United States and the Tribe**

17       It is undisputed that the United States holds a portion of the servient tenement in trust for the

18   Tribe.  However, that relationship does not serve to waive the United States' sovereign immunity in this

19   case.

20       The relationship between the United States and Indian tribes was first described as a ward-

21   guardian relationship by the Supreme Court in *Cherokee Nation v. Georgia*, 8 L.Ed. 25 (1831).  *See* F.

22   Cohen, Handbook of Federal Indian Law 650 (1982 ed.)(hereafter "Cohen").  Despite the Court's use

23   of traditional trust language, however, "the federal-Indian relationship is unique and differs in important

24   ways from the common law of guardianship."  Cohen, at 650-51.  As part of this unique guardian-ward

25   relationship, the Secretary of the  Interior may take tribal land into trust for a tribe.  *See e.g.* 25 U.S.C.

26   §465; 25 C.F.R. §151.4 (stating that "[unrestricted land owned by an individual Indian or a tribe may be

27   conveyed into trust status").  The "trust" that is created, unless stated otherwise in accompanying

28

1  regulations, does not include a duty to manage the land itself. *See White Mountain Apache Tribe*, 537

2  U.S.465, 473-75 (2003). The courts have found that such trusts impose *"only* a duty on the United

3  States to hold the acquired Indian lands so as to prevent continued alienation." *Hydaburg Co-op. Ass'n.*

4  *v. United States*, 667 F.2d 64, 68 (Ct.Cl. 1981)(emphasis added). In this case, there is no additional duty

5  on the part of the United States as trustee, and certainly no duty that runs to the Robinsons.

6       The Court has already discussed at length Plaintiffs' misperceptions about the trust relationship

7  between the United States and the Tribe. Plaintiffs do not appear, however, to have accepted this

8  guidance, and continue to proceed on faulty assumptions based on the Road Maintenance Agreement

9  ("RMA") and the placement of portions of Alverda Drive in the BIA's road program. But as this Court

10  has stated, "[n]othing in either the RMA or the regulations regarding BIA roads imposes a duty on the

11  United States to take steps toward rectifying the existing problems with the easement..." [Doc. 84, p. 18]

12          **3.          The FTCA Does Not Provide Subject Matter Jurisdiction in This Case**

13       The FTCA provides a limited waiver of sovereign immunity for certain tort claims based on the

14  alleged negligence or wrongful act of government employees. 28 U.S.C. §1346(b); *Logue v. United*

15  *States*, 412 U.S. 521 (1973). The FTCA waives sovereign immunity only for those actions falling within

16  its scope. *See* 28 U.S.C. § 1346(b)(1). That waiver is expressly limited and must be strictly construed.

17  *Vacek*, 447 F.3d at 1250; *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). The FTCA

18  requires a negligent act or omission by an employee of the United States. 28 U.S.C. §§ 1346(b), 2675(a).

19  As no specific negligent act or omission by a federal employee has been alleged in the FAC, Plaintiffs

20  have failed to meet their burden of establishing a waiver of sovereign immunity.

21       As a condition of the leave to amend the Court has required that Plaintiffs must "identify the acts

22  or actions of an employee of the United States, acting in his or her official capacity, that violated" a duty

23  owed to Plaintiffs by the United States.[Doc. 84, p. 22] The FAC in this case is very clear that the actual

24  construction and encroachments complained of were not built by any employee of the United States, but

25  by the Tribe. Other than general allegations that the United States, "through its employees," approved

26  or acquiesced in or failed to stop the Tribe's activities, there is no identification of any act of any specific

27  employee that violated such a duty. Hence, the FTCA does not apply. *See, e.g., United States v. Enas*,

28

1  225 F.3d 662, 667 (9th Cir. 2001)(tribes do not act as arms of the federal government when acting within

2  their inherent sovereignty).

3       Nor does the trust relationship between the United States and the Tribe suffice to confer

4  jurisdiction under the  FTCA.  As stated hereinabove, this trust relationship is unique and does not

5  impose traditional obligations on the trustee, the United States.  The only obligation of the United States

6  is to protect the land held in trust from alienation.  However, even if this case was analyzed under

7  traditional trust principles, the FTCA would not apply.

8       Under the FTCA, the United States is liable in tort in the same manner and to the same extent as

9  a private individual under like circumstances.  28 U.S.C. §2674   The law of the state where the alleged

10  negligent acts or omissions occurred governs the existence of the underlying cause of action.  28 U.S.C.

11  §1346(b); *Richards v. United States*, 369 U.S. 1, 6-10 (1962); *Yako v. United States*, 891 F.2d 738, 745

12  (9th Cir. 1989).    Under California law, even if there were a traditional trust relationship between the

13  United States and the Tribe, there would be no duty running from the United States to these plaintiffs;

14  rather, as trustee the United States would have "a duty to administer the trust solely in the interest of the

15  beneficiaries."  Cal. Prob. Code §16002.  More importantly, the "trustee is personally liable for torts

16  committed in the administration of the trust only if the trustee is personally at fault."  Cal. Prob. Code

17  § 18002.  *See also* Cal. Prob. Code § 18001 (the trustee is personally liable for obligations arising from

18  ownership or control of trust property only if the trustee is personally at fault).  "Personally at fault"

19  requires a showing of intentional or negligent conduct on the part of the trustee.  *Hackett v. Villas at*

20  *Desert Falls*, 90 Cal. App.4th 864, 878,(Cal. App. 4 Dist. 2001).  Nothing in the relevant California law

21  impose a duty on trustees to third parties for the acts of the trust's beneficiaries.

22       In granting leave to amend, this Court required that the FAC must "plead with specificity the

23  statutory of regulatory provision creating the duty owed to Plaintiffs by the United States that was

24  violated intentionally or negligently by and employee of the United States." [Doc. 84, p. 22]  Plaintiffs

25  have identified a number of California state statutes which they presumably believe create a private cause

26  of action against the United States in these circumstances.  They are mistaken.  Nothing in the California

27

28

1   laws cited by Plaintiffs creates such a cause of action, or suffices to waive the sovereign immunity of the

2   United States.

3       In discussing this issue before, the Court stated as follows:

4       In this case, Robinson has not identified any specific statute or regulation that imposes a duty or
        liability on the United States in cases, such as this, where the management and use of the property
5       constituting the corpus of the trust is vested in the Tribe, and the United States exercises solely
        supervisory authority.  In the absence of such statutory or regulatory authority it would be
6       incongruous for this court to hold that the United States has a greater obligation to third parties
        than it does to the beneficiary, for whose benefit the trust exists.  It would also be incongruous
7       for this court to hold that the United States has waived its sovereign immunity against suits
        brought by third parties in cases where, if the beneficiary were the plaintiff, sovereign immunity
8       was not waived.

9   [Doc. 84, p. 19]  Nothing in the FAC alters the situation discussed by the Court.

10

        **C.      THERE IS NO SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS**
11              **DID NOT EXHAUST ADMINISTRATIVE REMEDIES UNDER THE FTCA**

12      The Robinsons have failed to exhaust their administrative remedies as required by the FTCA, and

13  this Court therefore has no jurisdiction to hear their claims herein.

14      No suit may be maintained under the FTCA in the absence of filing an administrative claim.  28

15  U.S.C.§2675.  This requirement  is jurisdictional and cannot be waived by the Government.  *Caton v.*

16  *U.S.*, 495 F.2d 635 (9th Cir. 1974).  "With regard to the exhaustion requirement, the Supreme Court has

17  stated that 'in the long run, experience teaches that strict adherence to the procedural requirements

18  specified by the legislature is the best guarantee of even-handed administration of the law.'"  *Vacek v.*

19  *U.S. Postal Service*, 447 F.3d 1248, 1250-1251(9th Cir. 2006), *quoting McNeil v. United States*, 508 U.S.

20  106, 113 (1993), *quoting Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

21      If there are multiple claimants in an FTCA action, "each claimant must individually satisfy the

22  jurisdictional prerequisite of filing a proper claim, unless another is legally entitled to assert such a claim

23  on their behalf."  *Muth v. U.S.*, 1 F.3d 246, 249 (4th Cir. 1993)(quotation omitted).  A claim is deemed

24  presented for purposes of §2675(a) when a party files "(1) a written statement sufficiently describing the

25  injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."  *Blair*

26  *v. Internal Revenue Service*, 304 F.3d 861, 864 (9th Cir. 2002), citing *Warren v. United States Dep't of*

27  *Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)(en banc).

28

1    In this case an Administrative claim was filed by Dennis Robinson. [Administrative Tort Claim

2    attached hereto as Exhibit 2 and by this reference incorporated herein] There is no allegation as to the

3    date of filing the claim, although it was clearly signed by Dennis Robinson on June 23, 2003.  According

4    to the FAC, Dennis Robinson was not authorized to act for the other Robinsons until October 2004. [FAC

5    ¶ 2]  Thus, no Plaintiff other than Dennis Robinson has exhausted administrative remedies.

6    Nor does the FAC establish that Dennis Robinson's claim was filed in a timely fashion.  There

7    is a two-year statute of limitations for filing an administrative claim under the FTCA which is

8    jurisdictional and cannot be waived.  *Kontrick v. Ryan*, 540 U.S. 443, 453 n.8 (2004); *U.S. v. Kubrick*,

9    444 U.S. 111, 117-118 (1979).  *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959).  The

10   administrative claim states that it was signed on June 23, 2003.  There is no allegation in the Complaint

11   from which we can derive the date on which it was filed with BIA.  Even more problematic, the

12   Robinsons have failed to set out in the FAC the dates on which the acts and/or omissions  complained

13   of allegedly occurred.  At best, the FAC indicates that, within two years prior to the filing date of the

14   Administrative Claim (unspecified), "certain acts of construction/destruction" occurred. [FAC ¶ 16]

15   Those acts are not specifically identified.  Indeed, the following sentence states that the actions may

16   have occurred at any time before the filing of the administrative claim, but that the Plaintiffs' damages

17   "did not arise until a time that is within the two-year period that preceded the filing of the Federal Tort

18   Claim."  The logical inference is that the actual "actions" complained of occurred before the allowable

19   two-year window.

20   Recovery for any negligent act or omission of a government employee which occurred prior to

21   two years before the date of receipt of the Administrative Claim by the BIA (presumably after June 23,

22   2003) is  time-barred.  The plain language of the FAC contemplates that, indeed, some or all of the

23   encroachments complained of were established before that period.

24   It is the Robinsons burden to plead sufficient facts to enable the Court to determine there is

25   subject matter jurisdiction in an FTCA lawsuit. *Kokkonen,* 511 U.S. at 377(citations omitted). Plaintiffs

26   must affirmatively establish that their administrative claim was filed within the appropriate limitations

27   period, that it stated a sum certain, and that it addressed the same claims that are being brought in this

28

USA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT                                    Page 11

1  lawsuit.  *Blair v. Internal Revenue Service*, 304 F.3d 861, 864 (9th Cir. 2002), citing *Warren v. United*

2  *States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)(en banc)  They have

3  failed to do so.  The FAC should be dismissed.

4  ### D.     THE TRIBE IS AN INDISPENSABLE PARTY

5  The allegations of the FAC, including the relief requested, demonstrate clearly that the Tribe is

6  an indispensable party to this litigation, and because they cannot be joined, the FAC must be dismissed[5].

7  This Court has already held that, "to the extent that Robinson is suing the United States in its

8  representative capacity, because it involves non-monetary relief that directly affects the property interests

9  of the Tribe, the Tribe is ... clearly not only a necessary party, but an indispensable party as well." [Doc.

10  84, p. 21] As discussed above, Plaintiffs are suing the United States in both its individual as well as its

11  representative capacities.  Further, despite the Court's earlier ruling, Plaintiffs are seeking an Order

12  allowing them to "remove all encroachments into the subject easement..." [FAC, prayer] This would

13  entail removing the Tribe's power facility, a fire hydrant, water valves, wrought iron fencing, a walkway,

14  and portions of the Tribe's parking lot.  Additionally, the outcome of this lawsuit may affect the Tribe's

15  sovereignty, and its right to self-governance and self-determination – important legal interests.  *See*,

16  *Confederated Tribes, supra,* and *Pit River Home & Agr. Coop. Ass'n v. United States*, 30 F.3d 1088,

17  1101 (9th Cir. 1994).  As this Court found earlier,"to the extent that Robinson seeks relief that affects

18  the Tribe's property interests, the Complaint must be dismissed." [Order, Doc. 84, p. 21, citing *Equal*

19  *Employment Opportunity Comm'n v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005)]

20  ### E.     THE SIXTH AND SEVENTH COUNTS WERE DISMISSED WITHOUT LEAVE TO AMEND AND SHOULD BE DISMISSED

21

22  As discussed above, the Court's Order granting the motion to dismiss filed after remand granted

23  leave to amend only with regard to certain claims; it specifically stated that Plaintiff did not have leave

24  to amend Counts Five, Six, Seven and Eight of the original Complaint. [Order, Doc. 84, p. 22] The Sixth

25

26  [5] "As a matter of federal law, a tribe is subject to suit only where Congress has authorized
the suit, or the tribe has waived its immunity." [Order, Doc. 84, p. 21, citing *Kiowa Tribe of*
27  *Oklahoma v. Mfg. Tech. Inc.*, 523 U.S. 751, 754 (1998); and *Three Affiliated Tribes of the Fort*
*Berthold Reservation v. Wold Eng'g*, 476 U.S. 877, 890 (1986); *Burlington N. & Santa Fe Ry.*
28  *Co. v. Vaughn*, 509 F.3d 1085, 1090 (9th Cir. 2007)]

1   and Seventh Counts of the FAC are attempts to amend the claims formerly brought in Counts Five and

2   Six of the original Complaint.  They should be dismissed with no further consideration because leave to

3   amend those claims was not given.

4       **F.       THE RELIEF SOUGHT IS NOT AVAILABLE UNDER THE FTCA**

5       Even if this Court had jurisdiction, the damages claims must be limited by the remedies available

6   under the FTCA. [Order, Doc. 84, p. 22] Although they have taken out the words "injunctive relief" from

7   their FAC, Plaintiffs still are seeking an Order allowing them to physically remove structures. [FAC,

8   Prayer] Further, they seek an award of attorneys' fees.  This relief is not available under the FTCA.

9   There is no liability under the FTCA for equitable relief, or for attorney's fees.  28 U.S.C. §§ 1346(b),

10  2674

11                          **IV.    CONCLUSION**

12      This action should be dismissed, in its entirety, with prejudice, as there is no subject matter

13  jurisdiction to proceed, and the Tribe is an indispensable party that cannot be joined.

14

15                                          Respectfully submitted,
    Dated:   March 11 2011                   BENJAMIN B. WAGNER
16                                          United States Attorney

17
                                    By:     /s/ J. Earlene Gordon
18                                          J. EARLENE GORDON
                                            Assistant U.S. Attorney
19

20

21

22

23

24

25

26

27

28