# Exhibit 1

Case 2:04-cv-00734-MCE-CMK   Document 86-2   Filed 03/11/11   Page 2 of 4
Case 2:04-cv-00734-RRB-KJM   Document 70-3   Filed 05/03/2010   Page 2 of 4
Case 2:04-cv-00734-RRB-KJM   Document 16   Filed 04/15/2005   Page 1 of 3

1  McGREGOR W. SCOTT
   United States Attorney
2  DEBORA G. LUTHER
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2720

5  Attorneys for Defendants
   United States of America and
6  Department of the Interior
   [Bureau of Indian Affairs]
7  (collectively, "Federal Defendants")

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 DENNIS ROBINSON; SPENCER           )   CASE NO. CIV S-04-0734 DFL/KJM
12 ROBINSON, JR.; RICKE ROBINSON;     )
   CYNTHIA ROBINSON; VICKIE           )   DECLARATION OF KANU PATEL IN
13 ROBINSON,                          )   SUPPORT OF FEDERAL DEFENDANTS'
                                      )   MOTION TO DISMISS OR FOR SUMMARY
14              Plaintiffs,           )   JUDGMENT
                                      )
15      v.                            )
                                      )
16 UNITED STATES OF AMERICA, as       )   DATE: June 22, 2005
   Trustee for the Indians of the Mooretown ) TIME: 9:00 A.M.
17 Rancheria, aka MAIDU INDIANS OF    )   COURTROOM: 7
   CALIFORNIA, DEPARTMENT OF THE      )
18 INTERIOR [BUREAU OF INDIAN         )
   AFFAIRS] and DOES 1-50, inclusive, )
19                                    )
20              Defendants.           )

21      I, Kanu Patel, declare:

22      1. I have been an employee of the Bureau of Indian Affairs for the past 27 years. Currently, I
23 am the Regional Road Engineer for the Pacific Regional Office of the Bureau of Indian Affairs. I
24 have held this position since 1986. I have personal knowledge of the facts set forth in this
25 declaration.
26      2. I have reviewed the records of this office that relate to the road easement known as Alverda
27 Road that lies partially on land held by the United States in trust for the Mooretown Rancheria of

28

                                        1

Case 2:04-cv-00734-MCE-CMK   Document 86-2   Filed 03/11/11   Page 3 of 4
Case 2:04-cv-00734-RRB-KJM   Document 70-3   Filed 05/03/2010   Page 3 of 4
Case 2:04-cv-00734-RRB-KJM   Document 16   Filed 04/15/2005   Page 2 of 3

1  Maidu Indians of California ("the Tribe") in Butte County, California. The records show that in 1997
2  the Tribe asked the United States to place certain roads on the Tribe's land, including that stretch of
3  Alverda Road that I understand is at issue in this lawsuit, into the BIA road system. After reviewing
4  the Tribe's request and consulting with other federal and local officials concerning the Tribe's request,
5  BIA agreed to do so in October 1997. The portion of the road over which the Robinsons' easement
6  lies and which is now in BIA's road system is directly in front of the main entrance to the Tribe's
7  casino.

8    3. The maintenance of the road is limited to what is necessary to preserve the roadway and to
9  provide services for the satisfactory and safe use of such roads. It has not yet become necessary for
10 BIA to commit any resources to the maintenance of Alverda Road, for which reason no maintenance
11 work has yet been performed on the road.

12    4. BIA has been made aware of the Robinsons' allegations of encroachments built or placed
13 by the Tribe within the road easement boundaries. Specifically, BIA understands that the Robinsons
14 complain of the placement of water valves, "power facility" box, a wrought iron fence, a fire hydrant,
15 and a bullnose, curb and walkway within the easement boundaries. Additionally, BIA understands
16 that the Robinsons complain that actions by the Tribe have somehow caused the erosion of subjacent
17 and lateral support from the road easement. None of the complained-of actions were effected by any
18 BIA employee. None of the complained-of actions affect BIA's road maintenance responsibilities at
19 this time. When and if there were any erosion to the support for the road or other adverse effect to the
20 satisfactory and safe use of the road, BIA will undertake necessary and corrective action pursuant to
21 its responsibilities under 25 C.F.R. Part 170.

22    5. A little more than five acres of Parcel 2 – where the Tribe constructed its casino parking
23 lot, including the bullnose, curb and walkway that I understand is part of the Robinsons' complaint –
24 was withdrawn by the Tribe from its application to the United States to accept Parcel 2 into trust for
25 the Tribe. Therefore, that 5+-acre area, which includes the "slump" area that the Robinsons complain
26 of, is not land held in trust by the United States.
27 ///
28

2

Case 2:04-cv-00734-MCE-CMK   Document 86-2   Filed 03/11/11   Page 4 of 4
Case 2:04-cv-00734-RRB-KJM   Document 70-3   Filed 05/03/2010   Page 4 of 4
Case 2:04-cv-00734-RRB-KJM   Document 16   Filed 04/15/2005   Page 3 of 3

1  Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the
2  foregoing is true and correct.
3  Executed on this 15th day of April 2005 in Sacramento, California.

_____
/ KANU PATEL