# Exhibit 2
## Section 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

1. Submit To Appropriate Federal Agency:
U.S. Department of Interior
Bureau of Indian Affairs

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Dennis Robinson
c/o John S. Gilmore, Esq.
Goldsberry, Freeman, Guzman & Ditora
777 Twelfth Street, Suite 250
Sacramento, CA 95814

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|
| ~~MILITARY~~ CIVILIAN | /45 | Married | Continuing | Continuing |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Exhibit A attached.

See also, Exhibit B, photographs No. B1 through B23; and
Exhibit C, Blueprint, Sheet 1 of 1

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
Dennis Robinson, c/o John S. Gilmore, Goldsberry, Freeman, Guzman & Ditora
777 Twelfth Street, Suite 250, Sacramento, CA 95814

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

The subject property is located adjacent to the Feather Falls Casino in Oroville, Butte County, California. Damages are stated in response to No. 8, above.

10. PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Not applicable.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Dennis Robinson | c/o John S. Gilmore - (916) 448-0448 Goldsberry, Freeman, Guzman & Ditora 777 Twelfth Street, Suite 250 Sacramento, CA 95814 |

12. (See instructions on reverse)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $62,000; injunctive relief; interest; attorneys' fees | Not applicable | Not applicable | $62,000; injunctive relief; interest; attorneys' fees |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| /s/ Dennis Robinson | 530-533-0742 | 6-23-03 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14:2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items — Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?   Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.   No

No insurance

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Not applicable

17. If deductible, state amount

Not applicable

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

Not applicable

19. Do you carry public liability and property damage insurance?   Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)   No

Not applicable

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

## AUTHORIZATION re REPRESENTATION

I, DENNIS ROBINSON, hereby authorize the following law firm to present the claim against the Bureau of Indian Affairs for encroachment on the subject easement/right of way on my behalf:

> Goldsberry, Freeman, Guzman & Ditora, LLP
> 777 Twelfth Street, Suite 250
> Sacramento, CA 95814
> Telephone: (916) 448-0448
> Facsimile: (916) 448-8626

DATED:

*[signature]*
DENNIS ROBINSON

## ROBINSON CLAIM - EXHIBIT A

8. **Basis of Claim**

The subject is encroachment by the Mooretown Rancheria near Oroville, Butte County, California, on a road easement running through and adjacent to the Mooretown Rancheria (Feather Falls Casino).

Dennis Robinson owns the dominant easement. The easement benefits dominant tenements owned by Mr. Robinson and his brothers Spencer Robinson, Jr., Ricke Robinson, sister Vickie Baker Robinson and sister-in-law Cynthia L. Robinson.

United States of America holds the servient tenement subject to the easement in trust for the Indians of the Mooretown Rancheria, composed of the Maidu Indians of California.

Dennis Robinson (Robinson) owns a 60' nonexclusive road easement over the subject property acquired before Mooretown Rancheria (Rancheria) and/or the United States acquired their interests. The rights of way are recorded by three separate documents.

All Robinson rights of way and easement were obtained and recorded prior to the United States acquiring the subject property to be held in trust for Rancheria.

Rancheria's construction caused a slope/slump on the northeast side of the easement, approximately 20' x 150'. On March 13, 2002 counsel for Rancheria informed Robinson's counsel the slope/fill problem that is within the easement would be resolved by the end of the year 2002. The slope/fill issue has not been resolved. Additionally, Rancheria began construction on its parking lot adjacent to the south edge of the subject easement. In doing so, it created an encroachment on the easement in the form of a curb, commonly known as a "bull nose" adjacent to a concrete walkway. The curb and walkway encroach into the easement by approximately 15'.

While Rancheria removed an offending fountain in the center/northwest side of the easement, it then installed water valves and a power facility within the easement in the same area.

Rancheria recently installed wrought iron fencing embedded in concrete (adjacent to parking lots to the south and northeast of the easement) which appear to be about 15' within the easement. Most recently, Rancheria has installed a fire hydrant within the easement.

The underlying fee originally was owned by the Robinson family with another and the easement specifically was reserved for use and development of 360 acres of real property owned by the Robinsons located east of the Rancheria, the easement being Robinsons' primary road access thereto.

Present and future use of the easement requires four driving lanes, appropriate turning lanes,

Robinson Claim - Exhibit A
Page: 2

---

curbs and gutters and sidewalks within the 60' easement width adjacent to the casino, parking lots and access road because of the rapidly increasing use by Rancheria of its land held in trust by the United States.

Currently it appears that the easement has been damaged in the amount of $62,000. These represent the costs to place the easement in its entirety in a useable form so the Robinson property can be developed as intended. The individual cost estimates based on non prevailing wages are:

| | |
|---|---|
| Install retaining wall (A-1 Masonry of Oroville); | $23,000 |
| Relocate PG&E facilities (PG&E); | $ 5,000 |
| Relocate Oroville Wyandotte Water District (OWID) facilities: | $18,500 |
| Relocate fencing (American Fence of Oroville): | $ 3,500 |
| Backfill retaining wall and install drains beyond the wall (Duke Sherwood/Sherwood Construction of Oroville): | $12,000. |

If this work is performed, then the easement would be in place as it should have been.

If the repairs are not performed, then the damage to the Robinson property which lies east of Rancheria will necessarily be determined by what limitations are placed on use of that property by any Butte County local agency such as its planning department and local agency formation commission. To determine those damages at the present time would be speculative. Robinson, however, does not waive any such damages as making such estimate which will be in effect a guess.

The encroachment in the easement is both a continuing trespass and continuing nuisance and has caused property damage to the easement.

## ROBINSON CLAIM - EXHIBIT B

1. Looking east partial slope;
2. Looking east fence to left, bullnose in distance;
3. Looking east, fence;
4. Looking west, west of casino;
5. Looking east, fence, utility box and slope/slump bullnose to right
6. Looking east, slope/slump on left, bullnose on right;
7. Looking east, fence;
8. Looking east, east of casino, employee parking lot to left;
9. Looking west, bullnose to left, utility boxes and fence to right;
10. Looking west, slump/slope in right foreground, utility boxes and fence in right backround;
11. Looking west, fence on right;
12. Looking north, fence in front of casino;
13. Looking west, slump/slope, utility boxes and fence on right;
14. Looking west, from east of casino;
15. Looking west, bullnose at left;
16. Looking east, fence on left;
17. Looking west, slump/slope, utility boxes and fence on right, bullnose on left;
18. Looking west, bullnose on left, utility boxes fence on right;
19. Looking east, fence on left;
20. Looking west, partial slump/slope on right, utility boxes and fence in backround, bullnose on left;
21. Looking northeast at casino, fence in front;
22. Looking west of casino; and
23. Looking west, bullnose in left center.



Ex B-2