UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS ROBINSON, SPENCER ROBINSON, Jr., RICKIE ROBINSON CYNTHIA ROBINSON, VICKIE ROBINSON,

Plaintiffs,

v.

UNITED STATES OF AMERICA, as Trustee for the Indians of the Mooretown Rancheria, aka MAIDU INDIANS OF CALIFORNIA,

Defendant.

No. 2:04-cv-00734-MCE-CMK

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the Court on Defendant United States of America's ("United States") Motion to Dismiss Plaintiffs Dennis, Spencer, Rickie, Cynthia and Vickie Robinson's (collectively, "Plaintiffs") First Amended Complaint ("FAC").[1]

///

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

Plaintiffs oppose the motion. For the reasons set forth below, the United States' motion is granted without leave to amend.

## BACKGROUND

### A. Factual Background

The factual background of this action has been recounted in detail by this Court and Ninth Circuit[2] on three separate occasions. To this end, and in the interest of concision, the Court only discusses those facts necessary to the understanding of this Order.

The focus of this lawsuit is land held in trust by the United States for the benefit of the Indians of the Mooretown Rancheria, also known as the Maidu Indians of California ("Tribe"). Plaintiffs' complaint alleges that the Tribe's construction of a casino and other facilities on the land has encroached upon, and interfered with, Plaintiffs' rights to a sixty foot, non-exclusive road and utility easement Plaintiffs allege they own. (Pl.'s First Am. Compl. ["FAC"], filed Feb. 25, 2011, [ECF No. 85], ¶¶ 1, 17.)

///

///

///

---

[2] The Ninth Circuit, on appeal from this Court's first dismissal of Plaintiffs' complaint, set forth in detail the factual background underlying Plaintiffs' claims. See Robinson v. United States, 586 F.3d 683 (9th Cir. 2009). This Court also set forth the factual predicate for Plaintiffs' claims in its first order dismissing Plaintiffs' complaint. See Robinson v. United States, Civ. No. S-04-0734, 2011 WL 2580612 (E.D. Cal. 2007).

Specifically, Plaintiffs allege that the "subject easement has been damaged and its integrity threatened in that it has had lateral and/or subjacent support removed causing or potentially causing erosion among other damage" because of the Tribe's construction activity on the land the United States holds in trust. (Id. ¶¶ 17, 29.)

Plaintiffs' first claim for relief seeks damages for loss of lateral support; Plaintiffs' second claim seeks damages for loss of subjacent support; the third claim seeks damages under a strict liability theory for loss of subjacent support; Plaintiffs' fourth claim seeks damages under a negligence theory for loss of lateral support; the fifth claim also seeks damages under a negligence theory for property damages caused to the subject easement; Plaintiffs' sixth claim alleges a continuing nuisance; the seventh claim rests on a nuisance theory for the alleged encroachment upon Plaintiffs' property.[3]

The gravamen of Plaintiffs' complaint is that The United States "took no steps to warn or give notice to the [Tribe] that the planned activities would" interfere with Plaintiffs' use of the easement, refused to take steps to rectify the damage, and violated its duty to maintain the subject easement.

///

///

///

///

---

[3] The Court notes that it already dismissed Plaintiffs' nuisance claim without leave to amend. According to Plaintiffs, however, they reallege their nuisance claim in the FAC for purposes of reserving those claims on appeal.

**B. Procedural Posture**

Plaintiffs filed this case on April 12, 2004. (Pl.'s Compl., [ECF No.1].) After limited discovery, the United States filed a motion to dismiss under Federal Rule of Civil Procedure 122(b)(1) for lack of jurisdiction, arguing that the Court lacks subject matter jurisdiction over Plaintiffs' claims because the Quiet Title Act bars Plaintiffs from proceeding against the United States and because the Tribe is a necessary and indispensable party. Judge Ralph Beistline,[4] acting by designation to serve in the Eastern District, granted the United States' motion, holding that "[b]ecause the disputed title is for Indian land held in trust by the government, the [Quiet Title] Act's Indian Land Exception applies and this Court lacks jurisdiction to hear [Plaintffs'] claims." (Order, filed Sept. 5, 2007 [ECF No. 52], at 8:11-13.) Plaintiffs appealed the dismissal to the Ninth Circuit. The Ninth circuit vacated the order dismissing Plaintiffs' complaint and remanded "so that the district court may consider whether jurisdiction over this claim lies under the" Federal Tort Claims Act ("FTCA"). Robinson, 586 F.3d at 688.

///

///

---

[4] On May 6, 2011, Plaintiffs filed a separate action in this Court, labeled No. 2:11-cv-01227-MCE-CMK, alleging essentially the same claims and supported by essentially the same predicate facts. (See Pls.' Compl., filed May 6, 2011 [ECF No. 1].) Given the duplicative nature of the actions, the Court issued a related case order, reassigning both cases to Judge England for all further proceedings, including the United States' motion to dismiss that is the subject of this Order.

On May 3, 2010, the United States filed its second motion to dismiss, arguing that the case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the United States did not waive sovereign immunity, and thus, the Court lacked subject matter jurisdiction over Plaintiffs' claims (Defs.' Mot. to Dismiss, filed May 3, 2010 [ECF No. 70], at 6:8-10.) On January 27, 2011, Judge Beistline issued an order granting the United States' motion to dismiss. (Order, filed Jan. 27, 2010 [ECF No. 84].)[5] Judge Beistline held that Plaintiffs "failed to carry the burden of establishing that the United States had waived its sovereign immunity." (Id. at 8.)

On February 25, 2011, Plaintiffs filed their FAC, which contains essentially the same claims set forth in the original complaint but adds certain factual allegations Plaintiffs maintain establish that their claims lie under the FTCA. The United States filed its third motion to dismiss –– the motion that is subject of this Order –– asserting that Plaintiffs failed to amend their complaint in compliance with Judge Beistline's specific instruction to plead with particularity the manner in which the United States has waived its sovereign immunity. (See Def.'s Mot. to Dismiss, filed Mar. 11, 2011 [ECF No. 85].)[6]

///

///

///

---

[5] Any subsequent citation to an order of the court refers to this Order dismissing Plaintiffs' complaint with leave to amend.

[6] Hereinafter, where the Court refers to the United States' motion to dismiss, this is the relevant motion, filed March 11, 2011.

**STANDARD**

The Eleventh Amendment limits the subject matter jurisdiction of the federal courts. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 53-54 (1996). Lack of subject matter jurisdiction may be asserted by either party or the court, sua sponte, at any time during the course of an action. Fed. R. Civ. P. 12(b)(1). Once challenged, the burden of establishing a federal court's jurisdiction rests on the party asserting the jurisdiction. See Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990). The court presumes a lack of subject matter jurisdiction until it is proved otherwise. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). "It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (internal citations and quotations omitted).

The FTCA contains a limited waiver of sovereign immunity, and, thus, a specified grant of federal subject matter jurisdiction over certain civil tort suits for money damages against the U.S. government. See Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).

///

///

///

Specifically, the FTCA grants federal courts jurisdiction to hear claims for damages for injury or loss of property that is caused by the negligent or wrongful act or omission of any federal employee while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant according to the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

**ANALYSIS**

The Ninth Circuit remanded with specific instructions to determine whether the court has jurisdiction over Plaintiffs' claims against the United States under the FTCA. Plaintiffs' contention that this Court has jurisdiction over these particular claims because the United States has waived sovereign immunity under the FTCA rests on two propositions: (1) the United States, as trustee, breached a duty owed to Plaintiffs for its knowing failure to either prevent the Tribe from implementing planned construction activities or to warn the tribe that those activities would burden Plaintiffs' easement (Pl.'s Opp'n [ECF No. 93] at 5:8-11; FAC ¶ 16.); and (2) the United States breached its duty to "maintain" the portion of the road that is burdened by the easement and is part of the Bureau of Indian Affairs ("BIA") road system. (Id. at 8:1-9.)

///

///

///

The United States maintains that Plaintiffs' FAC should be dismissed because it is essentially a reproduction of the complaint previously dismissed. Specifically, the United States asserts that Plaintiffs failed to comply with Judge Beistline's specific instruction that Plaintiffs amend their complaint to "plead with specificity the statutory or regulatory provision creating the duty owed to Plaintiffs by the United States that was violated intentionally or negligently by an employee of the United States."[7] (Order at 22.)

"Sovereign immunity is an important limitation on the subject matter jurisdiction of the federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." Vacek v. U.S. Postal Service, 447 U.S. F.3d 1248, 1250 (9th Cir. 2006).

---

[7] Defendants also contend that Plaintiffs' complaint should be dismissed because they failed to exhaust their administrative remedies and because the tribe is a necessary and indispensable party in accordance with Federal Rule of Civil Procedure 19. Since the Court finds that the United States has not waived sovereign immunity, it is unnecessary to address the United States' contentions in this regard; nevertheless, in the interest of completeness, the Court briefly addresses these issues.

First, Plaintiffs have made clear that they are not suing the United States in their representative capacity, but individually. (Pls.' Opp'n at 7:1-4.) As this Court already held, "[t]o the extent that Robinson is suing the United States for monetary damages for a breach of a duty owed by the United States to Robinson, not in its representative capacity as trustee, the Tribe is neither a necessary nor an indispensable party. (Order at 21.)

Second, paragraph 15 of Plaintiffs' FAC clearly alleges that "[m]ore than six months before this action was instituted, Robinson presented a claim to the United States pursuant to 28 U.S.C. § 2675(a)." Since, on a motion to dismiss, the Court must accept as true the allegations of Plaintiffs' complaint, the Court cannot conclude, at this time, the Plaintiffs have failed to exhaust their administrative remedies.

It is axiomatic that a waiver of sovereign immunity is strictly construed in favor of the sovereign. Dep't of the Army v. Blue Fox, Inc., 525 U.S. 225, 261 (1999). A waiver of sovereign immunity cannot be found implication –– it must be expressed unequivocally by Congress. Lane v. Pena, 518 U.S. 187, 192 (1996).

As Judge Belstein stated, "[s]trictly speaking, the question is not whether a claim is cognizable under the FTCA generally, but whether the claim is cognizable under § 1346(b)" of the FTCA. (Order at 7 (citing Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 n.5 (1994).) Section 1346(b) grants the district courts jurisdiction to hear claims against the United States for money damages and/or injury to property caused by a negligent or intentional act of any employee of the United States acting within the scope of his employment. Meyer, 510 U.S. at 477. "Jurisdiction is conferred in this case only if the United States, as the trustee holding Indian lands, has waived its sovereign immunity to be sued by a third party under the FTCA for acts committed by the beneficiary tribe." (Order at 8.)

In its previous order, the Court held that Plaintiffs failed to demonstrate a waiver of sovereign immunity "[b]ecause the tribe is neither a Federal agency, nor are its employees and agents employees of the United States." (Id.)

///

///

///

///

///

Moreover, the Court held that, even if the United States has the capacity to approve the Tribe's construction plans and monitor their implementation, there would be no waiver of sovereign immunity "unless the United States actually supervised and controlled the day-to-day operations of the construction project," which they did not. (Id. at 9 (citing United States v. Orleans, 425 U.S. 807, 814 (1971).) The court explained that "the trust relationship, standing alone, is insufficient to trigger liability for damages of the part of the United States; in other words, "there must also be some statute or regulation (or combination thereof) that can fairly be interpreted as mandating compensation by the Government." (Id. at 14 (quoting United States v. Navajo Nation, 537 U.S. 488, 506 (2003).) Plaintiffs' original complaint failed to point to any statute or regulation requiring the United States to either approve, or monitor implementations of the tribe's construction plans. (Id. at 16.)

Based on the foregoing analysis, the Court granted the United States' motion to dismiss with leave to amend. The Court provided Plaintiffs specific instructions that the amended complaint must:

> (1) seek solely relief that is cognizable under the Federal Tort Claims Act; (2) plead with specificity the statutory or regulatory provisions creating the duty owed to Plaintiffs by the United States that was violated intentionally or negligently by an employee of the United States; (3) identify the acts or actions of an employee of the United States, acting in his or her official capacity, that violated that duty; and (4) set forth the dates on which those acts or actions occurred, or that harm resulted to Plaintiffs as a result of those acts or actions.

(Order at 22) (emphasis added.)

The Court is in agreement with the United States that Plaintiffs have failed to comply with Judge Beistline's order requiring Plaintiffs to plead with particularity a statute or regulation creating a duty on behalf of the United States, as trustee, to third parties for the Tribe's conduct. Indeed, as set forth above, Plaintiffs' "principal argument" is that the "United States knowing and intentionally approved . . . the Tribe's construction" and that the "United States has failed . . . to take any steps toward rectifying the problems." (Order at 9.) These are the same two arguments that Plaintiffs relied on in opposing the first motion to dismiss. (See Id.)

First, Plaintiffs failed to rectify the flaw in their position that they stated a claim against the United States under the FTCA for approving the Tribe's construction plans. Specifically, Plaintiffs failed to point to a statute or regulation that expressly creates a duty on behalf of the United States, as trustee over Indian land, to prevent the beneficiary tribe from encroaching upon a third parties' land. See Lane, 518 U.S. at 192. Moreover, even if, as Plaintiffs submit, the United States has the power to approve of the Tribe's construction plans, that is not sufficient to constitute a waiver of the United States' sovereign immunity under the FTCA. This is because Plaintiffs have failed to demonstrate that the United States had the power "to control the detailed physical performance of the" Tribe. Logue v. United States, 412 U.S. 521, 528 (1973)

///

///

Logue, provides particularly useful guidance in this regard.

> In Logue [the Supreme] Court held that employees of a county jail that housed federal prisoners pursuant to a contract with the Federal Bureau of Prisons were not federal employees or employees of a federal agency; thus, the United States was not liable for their torts. Although the contract required the county jail to comply with Bureau of Prisons' rules and regulations prescribing standards of treatment, and although the United States reserved rights of inspection to enter the jail to determine its compliance with the contract, the contract did not authorize the United States to physically supervise the jail's employees. In short it could take action to compel compliance with federal standards, but it did not supervise operations.

Orleans, 425 U.S. at 814-815 (citing Logue, 412 U.S. at 528). Similarly here, even if the United States had the power to approve of the Tribe's construction plans, it did not have direct day-to-day supervisorial control over the construction activities. Thus, Plaintiffs have failed to identify a federal employee or agency that acted negligently, as expressly required by 23 U.S.C. § 1346(b)

The short of it is that Plaintiffs have failed to point to any statute or regulation requiring the United States to take "steps to warn or give notice to the [Tribe] that the planned activities would have th[e] illegal effect" of encroaching upon Plaintiffs' easement." (FAC ¶ 17.) Nor have Plaintiffs set forth the dates upon which, or identified a United States employee or agency who, violated any alleged duty.

///

///

///

///

Thus, Plaintiffs have failed to sufficiently amend their complaint in accordance with the Court's explicit instruction to demonstrate that the United States has waived its sovereign immunity from suits by third parties against the United States acting in its capacity as trustee holding legal title to Indian lands.

Plaintiffs' claim that the United States is not immune to suit for failure to maintain the roadway is similarly misplaced. First, Plaintiffs reiterate the same argument previously rejected by the Court that the BIA guidelines and regulations create a duty on behalf of the United States to rectify existing problems relating to the roadway. Specifically, the Court held that "[n]othing in the . . . regulations regarding BIA roads impose[] a duty on the United States to take steps toward rectifying the existing problems affecting the easement." (Order at 18.)

Plaintiffs did, however, amend their complaint to cite to specific statutes for their contention that the United States breached a duty to Plaintiffs by failing to "maintain" the roadway. Plaintiffs' reliance on those statutes, however, is misplaced. First, the FAC cites to 23 U.S.C. § 116. That provision of the United States code requires the State transportation department to maintain federal-aid highways; it says nothing about any duty on behalf of the United States as trustee of Indian land. Second, Plaintiffs cite to 25 C.F.R. §§ 170.2, 170.5.

///

///

///

Section 170.5 is merely a definitional provision, defining maintenance as "the preservation of the entire highway, including surface, shoulders, roadsides structures and such traffic-control devices as are necessary for safe and efficient utilization of the highway." Section 170.2 simply describes "[w]hat is the IRR Program and BIA Road Maintenance Program policy." Neither provision imposes a duty on the United States, as trustee, to third parties holding an easement abutting the land held in trust. This authority, at most, and by a lengthy stretch of logic, establishes a duty on behalf of the United States by implication; however, a waiver of sovereign immunity cannot be found by implication –– it must be expressed unequivocally by Congress. Lane, 518 U.S. 187, 192 (1996). Thus, Plaintiffs have failed to carry their burden of demonstrating that the United States has waived sovereign immunity in this regard.

Given the particular circumstances of this case, and that the Court must strictly construe any waiver of sovereign immunity in favor of the United States, the Court finds that Plaintiffs have failed to meet their heavy burden of demonstrating that the United States, under the FTCA, has waived its sovereign immunity. Thus, the Court has no subject matter jurisdiction over this case and the FAC must be dismissed.

Moreover, Plaintiffs have twice failed to set forth adequate allegations that the United States has waived its sovereign immunity under the FTCA. A complaint should not be dismissed for lack of subject matter without leave to amend unless the complaint cannot be amended to cure the jurisdictional defect. Harris v. Amgen, 573 F.3d 728, 736 (9th Cir. 2009).

In this case, Plaintiffs have not and cannot cure the jurisdictional defect because it cannot point to any federal employee or agency that acted negligently in causing the alleged damage to Plaintiffs' easement, as required by the FTCA. Therefore, the United States' motion to dismiss is GRANTED without leave to amend.

**CONCLUSION**

For the foregoing reasons, the United States' motion to dismiss is GRANTED. The clerk of this Court is hereby ordered to close this case.

IT IS SO ORDERED.

Dated: November 16, 2011

_______________________________
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE